**In the Matter of C. Jerome SMITH.**

**No. 45S00–9905–DI–312.**

Supreme Court of Indiana.

Oct. 6, 2000.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Ind.Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below:

**Facts:** The respondent filed a personal injury complaint on behalf of a client on September 3, 1993, along with a summons which directed service on the defendant by the sheriff. The summons contained the wrong address for the defendant and was returned on September 10, 1993, marked "Not Served, Address Not Found." Following that return of service, the respondent did not take any corrective action to serve the defendant at its proper address until June 26, 1996, despite meeting with the client during the interim and assuring her that the case was progressing. The defendant subsequently prevailed on a motion to dismiss with prejudice for lack of timely service.

**Violations:** By failing to act with reasonable diligence in representing his client, the respondent violated Ind.Professional Conduct Rule 1.3. He violated Prof. Cond.R. 1.4(a) by failing to keep his client reasonably informed about the status of the pending personal injury case. By failing to make reasonable efforts to expedite the case after filing the complaint, the respondent violated Prof.Cond.R. 3.2.

**Discipline:** Suspension from the practice of law for a period of thirty (30) days, beginning November 13, 2000, with automatic reinstatement thereafter.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. Costs of this proceeding are assessed against the respondent.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.

DICKSON, J., dissents, believing a 30–day suspension is an insufficient penalty in a case involving an attorney's misrepresentations to a client.